NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 21, 2008[*]
Decided May 27, 2008

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 07-3202

| | |
|---|---|
| EDUARDO M. PEREZ, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 05-C-711-C |
| SHARON ZUNKER, et al., | |
| *Defendants-Appellees*. | Barbara B. Crabb, |
| | *Chief Judge*. |

**O R D E R**

Wisconsin inmate Eduardo Perez claims in this action under 42 U.S.C. § 1983 that the defendants, four current or former employees of the Department of Corrections, violated the Eighth Amendment when they did not authorize surgery in 1997 for a back injury he

---

[*]Only appellee Sharon Zunker is participating in this appeal. The remaining appellees were never served with process in the district court. After examining the briefs and record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2).

suffered that year.  Perez also claims that one of the defendants, the Nursing Coordinator for the department's Bureau of Health Services, violated the Eighth Amendment when in 2005 she recommended denying his grievance complaining that he had not been sent to a pain clinic for treatment of chronic arthritis and degenerative disc disease.  The district court screened Perez's complaint, *see* 28 U.S.C. § 1915A, and dismissed the first claim because Perez already had sued the same defendants on the same theory in 2001 and lost.  The court allowed the second claim to proceed against the Nursing Coordinator but granted summary judgment for the defendant.  Perez appeals, and we affirm.

The vast majority of facts in this case are undisputed.  In July 1997, while incarcerated in a Texas jail that temporarily housed Wisconsin prisoners, Perez fell while taking a shower and injured his back.  He was examined by medical personnel and given medication for his pain.  When his pain persisted, jailers referred him to a neurosurgeon who diagnosed him as having a herniated disc and recommended surgery.  But on September 12, 1997, just two days after that diagnosis, Perez was transferred back to Wisconsin.  Within days of his arrival in Wisconsin, Perez was examined by a prison physician and referred to the Neurosurgery Clinic at the University of Wisconsin Hospital. An MRI performed at the clinic in October confirmed that Perez indeed suffered from a herniated disc, but the treating neurosurgeon informed Perez that surgery would not correct his back condition and recommended a more conservative course of treatment.  After that Perez received back therapy at the prison where he was confined.

Unhappy with this treatment plan, Perez sought to vindicate his rights in court.  In 1999 he brought his first suit against the Department of Corrections and its secretary at the time, claiming that the failure to provide back surgery constituted cruel and unusual punishment in violation of the Eighth Amendment.  The district court for the Eastern District of Wisconsin granted summary judgment for the defendants, but at the defendants' urging we vacated that decision and remanded with instructions to dismiss the suit for failure to exhaust administrative remedies as required under the Prison Litigation Reform Act, *see* 42 U.S.C. § 1997e(a).  *See Perez v. Wis. Dept. of Corrs.*, 182 F.3d 532 (7th Cir. 1999). Perez then tried his luck in the Western District of Wisconsin in 2001, bringing the same claim against the defendants named in this action.  The district court there granted summary judgment for the defendants, reasoning that the denial of back surgery in Perez's case did not rise to the level of an Eighth Amendment violation.  *See Perez v. Sullivan*, 52 Fed. App'x. 275 (7th Cir. 2002) (affirming grant of summary judgment).

Meanwhile, according to Perez, he was still suffering from persistent back pain during this protracted litigation.  In March 2004, he says, a neurosurgeon at the University of Wisconsin Hospital recommended that he receive treatment for chronic pain at the hospital's pain clinic, but he was never sent to the pain clinic despite repeated requests.  In

September 2005 Perez filed an inmate grievance, claiming that the prison's failure to get him treated at the pain clinic constituted cruel and unusual punishment. A grievance examiner (who is not a defendant in this suit) investigated Perez's grievance and recommended that it be denied. The examiner reported that Perez had last visited the Health Services Unit shortly before he filed his grievance, that he was given medication for his back pain, and that he was scheduled for a follow-up visit. The examiner acknowledged that Perez had said in his grievance that he desired to visit the pain clinic at the University of Wisconsin, but suggested that Perez should contact medical personnel in the Health Services Unit regarding the clinic. Defendant Zunker, the Nursing Coordinator, reviewed Perez's grievance and agreed with the examiner that it should be denied. That decision was upheld after Perez sought further administrative review.

Perez then filed the present suit. After the district court allowed the claim against Zunker to proceed, she moved for summary judgment. In support of her motion, Zunker submitted her own affidavit acknowledging that she served as the system-wide Nursing Coordinator for the department's Bureau of Health Services during 2004 and 2005 when Perez wanted to be treated at the pain clinic. Zunker's affidavit establishes, however, that as Nursing Coordinator she neither treats inmates nor supervises their care. According to her affidavit, one of Zunker's duties was to review certain inmate grievances after they were investigated. Zunker said that, based on the recommendation of the grievance examiner who reported that medical personnel had just treated Perez for his back pain and would be seeing him again soon, she joined in recommending that Perez's grievance be denied.

Perez responded to Zunker's motion with repeated requests for more time. The district court, concerned that Perez's limited English skills might impede his ability to present his claim, enlisted counsel to assist Perez. But counsel moved to withdraw several months later, and after a hearing the district court concluded that Perez could adequately represent himself. Perez then responded to the motion for summary judgment, but he did not produce any admissible evidence to contradict Zunker's evidence that she was not personally involved in decisions about his medical care. The district court then granted summary judgment for Zunker.

Perez's arguments on appeal are difficult to discern. To the extent that he challenges the dismissal of his Eighth Amendment claim for failure to provide back surgery in 1997, we review de novo a dismissal under § 1915A. *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). We agree with the district court that Perez's claim concerning the treatment decision made in 1997 is barred by the doctrine of claim preclusion because Perez previously litigated the identical claim against the same defendants and lost on the merits. *See Ross ex rel. Ross v. Bd. of Educ. of Tp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007). And therefore the district court appropriately screened out this claim.

We also conclude that the district court correctly granted summary judgment for Zunker on the claim that survived screening.  We review a grant of summary judgment de novo, construing all facts and reasonable inferences in favor of the nonmoving party.  *See Metzger v. Ill. State Police*, 519 F.3d 677, 680-81 (7th Cir. 2008).  To succeed on an Eighth Amendment claim concerning the denial of medical care, an inmate must demonstrate that prison officials were deliberately indifferent to a serious medical need.  *E.g., Williams v. Liefer*, 491 F.3d 710, 714 (7th Cir. 2007).

It is undisputed that Zunker was not responsible for treating Perez for his back pain, nor was she responsible for referring him to a pain clinic.  More importantly, there is no evidence that Zunker personally knew that an outside neurosurgeon had recommended that Perez visit a pain clinic, nor is there evidence that the University of Wisconsin pain clinic would have provided specialized services that were both medically necessary and unavailable at the Health Services Unit.  In this case, Zunker's only apparent involvement with Perez was to review his grievance, and in that capacity she recommended that his grievance be denied because investigation had shown that he was receiving ongoing care for his back pain.  This is not a case of a grievance examiner turning a blind eye to the denial of appropriate medical care, *see Greeno v. Daley*, 414 F.3d 645, 655-56 (7th Cir. 2005), and there is no evidence that Perez was harmed by managing his pain through the Health Services Unit instead of through the pain clinic at the university hospital, *see Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996).  Zunker simply rejected Perez's grievance after satisfying herself that treatment was being provided, and no jury could reasonably conclude that her conduct amounted to deliberate indifference, *see George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

AFFIRMED.